**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

JOHN A. GESCHWENTNER,

     Plaintiff,
v.

CITY OF ENGLEWOOD,
ENGLEWOOD POLICE DEPARTMENT,
ARAPAHOE DISTRICT COURT,
CLERK OF COURT, ARAPAHOE COUNTY,
STATE OF COLORADO,
POLICE OFFICER DOES I-X, who's true names are unknown,
ARAPAHOE DISTRICT COURT DOES I-X, who's true names are unknown,
CLERK OF COURT DOES I-X, who's true names are unknown,
UNKNOWN ENTITIES I-X, who's true names are unknown.
     Defendants.

---

**COMPLAINT AND JURY DEMAND**

---

     Plaintiff, through his attorney, Elmer Stewart Rhodes, hereby submits the following Complaint and Jury Demand and states and avers as follows:

**I. PARTIES**

1.    Plaintiff, John A. Geschwentner ("John") is a citizen of Arapahoe County, Colorado who presently resides at 4455 S. Galapago St. Englewood CO, 80110.

2.    Defendant City of Englewood, is a municipality organized under the laws of the State of Colorado. Defendant Englewood Police Department, is a subdivision or department of Defendant City of Englewood.

3.    Defendant Arapahoe District Court is a judicial department of the State of

1

Colorado.

4. Defendant Clerk of Court, Arapahoe County, is a judicial department of the State of Colorado.

5. Defendant State of Colorado is a State established pursuant to the Constitution of the United States.

6. Defendants Police Officer Does I-X, who's true names are unknown, were, at all times relevant to the present matter, police officers with the Englewood Police Department. They are named herein in both their official and individual capacities, as such terms are used within the jurisprudence of the Civil Rights Act of 1871, 42 U.S.C. § 1983. At all times relevant to the present matter, Defendants Police Officer Does I-X were acting within the scope and course of their employment as police officers for the City of Englewood.

7. Defendants District Court Employee Does I-X, who's true names are unknown, were, at all times relevant to the present matter, employees of the Arapahoe District Court a judicial department of the State of Colorado. They are named herein in both their official and individual capacities, as such terms are used within the jurisprudence of the Civil Rights Act of 1871, 42 U.S.C. § 1983. At all times relevant to the present matter, Defendants District Court Employee Does I-X were acting within the scope and course of their employment with the Arapahoe District Court.

8. Defendants Clerk of Court Does I-X, who's true names are unknown, were, at all times relevant to the present matter, employees of the Clerk of Court, Arapahoe County a judicial department of the State of Colorado. They are names herein in both their official and individual capacities, as such terms are used within the jurisprudence of the

Civil Rights Act of 1871, 42 U.S.C. § 1983. At all times relevant to the present matter, Defendants Clerk of Court Does I-X were acting within the scope and course of their employment with the Clerk of Court, Arapahoe County. Defendants Unknown Entities I-X are likewise employees of the city of Englewood or the State of Colorado. There are public employees in the Englewood Police Department, Arapahoe County Court, and Clerk of the Court involved whose identities are not yet known. This complaint will be amended appropriately as further information becomes available regarding the identities of the public employees involved in this matter.

## II. JURISDITION AND VENUE

9. This action arises under the Constitution of the United States, particularly the Fourth and Fourteenth Amendments, and under the laws of the United States, particularly the Civil Rights Act, 42 U.S.C. § 1983.

10. This Court has jurisdiction over John's federal civil rights claim pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 144.

11. The acts and omissions complained of occurred within Arapahoe County, State of Colorado. All defendants currently reside, or resided at relevant times, within the State of Colorado. Thus, venue is proper in the District of Colorado pursuant to U.S.C. § 1391(b).

## III. FACTUAL BACKGROUND

12. John's daughter had accused him of menacing her and John was charged with felony menacing. However, on August 2, 2010, Judge Weishaupl of the Arapahoe District Court granted a defense motion to dismiss and the case was closed.

13. On August 11, 2010, John was on his way home from work to have lunch. On the way there he noticed an unmarked police car following him. He was concerned but was sure there was no cause for the police to have any involvement with him as his criminal matter had been dismissed by the court some nine (9) days prior.

14. John went inside his home and ate his lunch. Afterwards, as he drove back to his workplace, he again noticed the unmarked police unit following close behind him. Again he became concerned. He came to an intersection that was closed off by numerous marked Englewood Police units. From every direction police officers surrounded him and brandished their firearms, ordering him out of the vehicle.

15. There were multiple officers aiming shotguns, pistols, and assault weapons at him. In a very aggressive and intimidating manner, screaming at him and pointing guns in his face, they forced him out of his car and arrested him.

16. John was jailed until the following morning. During that time he made multiple requests to contact his wife or attorney and those requests were refused. As a result his wife was distraught, not knowing what had happened to her husband who is always at home promptly after work. She frantically phoned relatives, friends, and multiple emergency rooms fearing the worst. John, knowing his wife would be distraught, wanted to call her to allay her fears but repeated requests for a phone call were refused.

17. After spending a sleepless night in the confines of a cold cell, bewildered as to why he had been arrested, John was finally brought before Honorable Judge Weishaupl who realized that John had been wrongfully arrested in a case that had already been dismissed, with the Court's minute order *of* 08/12/2010 stating "The deft appears in custody with CNSL Nicholas Sarwark. This case was dismissed on 08/02/2010 but the

4

warrant was never cancelled and the deft was arrested. The warrant should have been issued for witness Rachel Geschwenter."

18.     Rachel Geschwenter had failed to appear for a hearing on July 23, 2010, with the Minute Order on that date stating "Witness Rachel Geschwentner fails to appear in this case court issues warrant- bond $10,000 c/s."  But the warrant had erroneously been issued for John, who was at all times present for every hearing, rather than for Rachel Geschwenter, and that error was not corrected, resulting in a wrongful arrest on August 11, 2010, in a case which had already been dismissed and closed.

19.     As a direct and proximate cause of the Defendants' actions and omissions, John was wrongfully arrested in a very dangerous, psychologically traumatizing, and humiliating manner, and was wrongfully incarcerated and deprived of his liberty, while unable to console his distraught wife who assumed the worst when her husband went missing.

20.     John has also incurred lasting emotional distress, psychological damages, and humiliation.  To this day he suffers from psychological trauma, anxiety, and intense fear whenever police are near him, and especially when a police car is behind him, as well as harm to his reputation and business by being arrested in such a dramatic "felony stop" fashion, as though he were a dangerous felony fugitive, in front of many witnesses in his small community.

## IV. FIRST CLAIM FOR RELIEF

### Civil Rights Act of 1871, 42 U.S.C. § 1983

### (As Against Defendants City of Englewood, Englewood

**Police Department, and Officer Does, I-X)**

21. The foregoing paragraphs are incorporated herein.

22. The conduct and omission of Defendant Englewood Police Department and Officer Does, I-X, as arresting officers, constituted a violation of Plaintiff John Geschwentner's rights under the Forth and Fourteenth Amendments to the United States Constitution, including the use of excessive and unreasonable deadly force, placing John at risk of being shot, and a wrongful arrest, wrongful seizure, and wrongful imprisonment.

23. The high profile, dynamic, and very dangerous "felony stop" arrest of John placed him at great risk of grievous bodily injury or death, as he was in imminent danger of being shot if he had inadvertently made one wrong move, or if one of the officers had made a mistake of judgment or of gun-handling during a very tense and emotionally charged arrest.

24. The arresting officers failed in their duty to ascertain the legitimacy of the warrant, resulting in the wrongful arrest, wrongful seizure, and wrongful imprisonment and deprivation of John's liberty.

25. In the alternative, and based upon information and belief, one or more of the arresting officers knew that the warrant was invalid, and knew that it had been issued for the wrong person, and knew that it had been issued in a case that had been dismissed and closed, but nonetheless carried out the arrest and imprisonment of John out of animus toward him, which animus they had openly displayed in court.

26. Each of the foregoing Defendants was an integral participant in the

unconstitutional conduct as alleged herein, and/or acted in concert with each other to violate John's constitutional rights.

27. As a direct and proximate result of the Arresting Defendant Officer Does I-X breach of John's Fourth and Fourteenth Amendment rights, he sustained damages, including but not limited to loss of his liberty, severe emotional distress, fear for his life, mental anguish, and lasting anxiety and fear of police officers, as well as humiliation and harm to his reputation in the community, economic losses, and loss of enjoyment of life.

## V. SECOND CLAIM FOR RELIEF

### Civil Rights Act of 1871, 42 U.S.C. § 1983

**(As Against Defendants Arapahoe District Court; Clerk of Court, Arapahoe County; State of Colorado; District Court Does I-X; Clerk of Court Does I-X; and Unknown Entities I-X)**

28. The foregoing paragraphs are incorporated herein.

29. It is, at this time, unknown precisely which staff members or employees of these Defendants, was directly or proximately responsible for the clerical error leading to an erroneous arrest warrant being issued for John, for failure to appear when he had not once failed to appear. Nor is it known precisely which clerical staff of these Defendants are responsible for failing to quash that erroneous warrant, once the case was dismissed and closed. As further information is discovered, this Complaint will be amended.

30. What is known at this time is that the warrant was supposed to have been issued for Rachel Geschwentner, who had failed to appear. And what is also known is that upon seeing John brought before him, under arrest, Judge Weishaupl immediately realized that,

7

despite the case being dismissed and closed on August 2, 2010, the warrant was never cancelled, and also Judge Weishaupl recalled that it should have been issued for witness Rachel Geschwenter, not for John Geschwentner, and immediately ordered John's release from custody.

31.     As a direct and proximate result of Defendants City of Englewood; Arapahoe District Court; Clerk of Court, Arapahoe County; State of Colorado; District Court Does I-X; Clerk of Court Does I-X; and Unknown Entities I-X breach of their duty of care toward John, and breach of John's Fourth and Fourteenth Amendment rights, he sustained damages, including but not limited to loss of his liberty, severe emotional distress, fear for his life, mental anguish, lasting anxiety and fear of police officers, as well as humiliation and harm to his reputation in the community, economic losses, and loss of enjoyment of life.

## V. PRAYER FOR RELIEF

Plaintiff John Geschwentner prays for judgment against Defendants and each of them as follows:

   A.     For special damages;

   B.     For general and compensatory damages, including economic losses, emotional distress, psychological trauma, anxiety, humiliation, and loss of enjoyment of life;

   C.     For exemplary damages to the extent permitted by law;

D. For attorney's fees and expenses pursuant to 42 U.S.C. § 1988;

E. For pre and post-judgment interest to the extent permitted by law;

F. For taxable costs as may be allowed; and

G. For such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues in this matter triable to a jury.

DATED this 10th day of August, 2011.

By: /s/ Elmer Stewart Rhodes
**Elmer Stewart Rhodes**
432 E. Idaho Street
Kalispell, MT 59901
Telephone: (702) 353-0627
FAX: (406) 755-8335
E-mail: stewart.rhodes@aya.yale.edu
Attorney for Plaintiff