IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02089-WJM-MJW

JOHN A. GESCHWENTNER,

       Plaintiff,

v.

CITY OF ENGLEWOOD, *et al.*

Defendants

---

MOTION FOR A PROTECTIVE ORDER AND
TO STAY DISCOVERY PURSUANT TO FED. R. CIV. P. 26(C)(1)

---

The Arapahoe District Court, the Arapahoe County Clerk of Court, the State of Colorado, the Arapahoe District Court Does I-X, the Clerk of Court Does I-X, and the Entities I-X (to the extent they are Colorado State entities), collectively "State Defendants," through the Colorado Attorney General move for a protective order and to stay discovery and state as follows:

Pursuant to Fed. R. Civ. P. 26(c) and D.C.COLO.L.CivR 7.1 the undersigned attempted to confer with Plaintiffs' counsel regarding this motion. The undersigned sent an e-mail to all counsel on November 14, 2011, requesting their position and attaching a draft of this motion. Counsel for the Englewood Defendants have stated that they do not oppose the relief requested herein. Plaintiff's counsel has not stated a position.

Federal Rule of Civil Procedure 26(c) provides: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" An Order under Rule 26(c) may stay all discovery. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Coors*, 357 F. Supp. 2d 1277, 1280 (D. Colo. 2004). Good cause to stay discovery is shown where the moving party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced. *Id.*

On October 28, 2011, the Court set a Scheduling Conference on December 13, 2011. [Doc. No. 10.] Based on Fed. R. Civ. P. 26, the setting triggered the following deadlines:

> November 22, 2011 – Scheduling Conferral.
> December 6, 2011 – Initial Disclosures.
> December 7, 2011 – Proposed Scheduling Order.

On November 10, 2011, the State Defendants moved to dismiss the Complaint based on Eleventh Amendment sovereign immunity and absolute quasi-judicial immunity. [Doc. No. 12.] Grants of immunity are meant to free governmental officials from the concerns of litigation, including avoidance of disruptive discovery. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009) (addressing qualified immunity); *Eggert v. Chaffee County,* No. 10-cv-01320-CMA-KMT, 2010 WL 3359613 (D. Colo. Aug. 25, 2010) (applying *Iqbal* to stay discovery until a motion to dismiss based on Eleventh Amendment immunity was decided); *Harris v. Adams County Communications Ctr.*, No. 09-cv-01728-MSK-KMT, 2010 WL 882648

(D. Colo. March 8, 2010) (applying *Iqbal* to stay discovery until a motion to dismiss based on the Colorado Governmental Immunity Act was decided).

As explained by the Supreme Court, there are serious and legitimate reasons for this protection:

> If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government.

*Iqbal*, 129 S. Ct. at 1953.

Indeed, the Supreme Court has expressly stated that "[i]f the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Siegert v. Gilley*, 500 U.S. 226, 231 (1991) ("Once a defendant pleads a defense of qualified immunity … until this threshold immunity question is resolved, discovery should not be allowed.").

Accordingly, the State Defendants respectfully request that the Court stay disclosures and discovery in this case until the Court rules on the claims of immunity.

Pursuant to D.C. COLO.LCivR 30.2, the filing of a motion under Rule 26(c) stays the discovery to which the motion is directed until further order of the court.

The State Defendants respectfully request a minute order confirming that the upcoming discovery deadlines are stayed.

WHEREFORE, the State Defendants respectfully request an order staying all disclosures and discovery in this matter.

Respectfully submitted this 16th day of November, 2011.

JOHN W. SUTHERS
Attorney General


s/ Skippere S. Spear
SKIPPERE S SPEAR*
Senior Assistant Attorney General
Tort Litigation Section
Attorney for Defendant State of Colorado

1525 Sherman Street, 5th Floor
Denver, Colorado  80203
Telephone:  (303) 866-5037
Fax:  (303) 866-5443
E-mail:  skip.spear@state.co.us
*Counsel of Record

CERTIFICATE OF SERVICE

      This is to certify that I have duly served the within MOTION TO FOR PROTECTIVE ORDER AND TO STAY DISCOVERY upon all parties herein by e-filing or by depositing copies of same in the United States mail, first-class postage prepaid, at Denver, Colorado, this 16th day of November 2011 addressed as follows:

| | |
|---|---|
| Elmer Stewart Rhodes | Eric M. Ziporin |
| 432 E. Idaho Street | Monica N. Kovaci |
| Kalispell, MT 59901 | Senter Goldfarb Rice, L.L.C. |
| Telephone: (702) 353-0627 | 1700 Broadway, Suite 1700 |
| Fax: (406) 755-8335 | Denver, CO 80290 |
| E-mail: Steward.rhodes@aya.yale.edu | Telephone: (303) 320-0509 |
| | Fax: (303) 320-0210 |
| | E-mails: eziporin@sgrllc.com |
| |         mkovaci@sgrllc |

*s/ Orlando Martinez*
_____