IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02089-WJM-MJW

JOHN A. GESCHWENTNER,

      Plaintiff,

v.

CITY OF ENGLEWOOD,
ENGLEWOOD POLICE DEPARTMENT,
ARAPAHOE DISTRICT COURT,
CLERK OF COURT, ARAPAHOE COUNTY,
STATE OF COLORADO,
POLICE OFFICER DOES I-X, who's [sic] true names are unknown,
ARAPAHOE DISTRICT COURT DOES I-X, who's [sic] true names are unknown,
CLERK OF COURT DOES I-X, who's [sic] true names are unknown,
UNKNOWN ENTITIES I-X, who's [sic] true names are unknown,

Defendants

---

ORDER GRANTING MOTION FOR A PROTECTIVE ORDER AND
TO STAY DISCOVERY PURSUANT TO FED. R. CIV. P. 26(C)(1)
[DOCKET NO. 13]

---

On November 16, 2011, the Arapahoe District Court, the Arapahoe County Clerk of Court, the State of Colorado, the Arapahoe District Court Does I-X, the Clerk of Court Does I-X, and the Entities I-X (to the extent they are Colorado State entities), collectively "State Defendants," moved for a protective order and to stay discovery based on their previously filed Motion to Dismiss. [Doc. No. 12.]

Federal Rule of Civil Procedure 26(c) provides: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment,

oppression, or undue burden or expense[.]" An Order under Rule 26(c) may stay all discovery. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Coors*, 357 F. Supp. 2d 1277, 1280 (D. Colo. 2004). Good cause to stay discovery is shown where the moving party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced. *Id.*

The State Defendants' motion to dismiss is based on Eleventh Amendment sovereign immunity and absolute quasi-judicial immunity. Grants of immunity are meant to free governmental officials from the concerns of litigation, including avoidance of disruptive discovery. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009) (addressing qualified immunity); *Eggert v. Chaffee County,* No. 10-cv-01320-CMA-KMT, 2010 WL 3359613 (D. Colo. Aug. 25, 2010) (applying *Iqbal* to stay discovery until a motion to dismiss based on Eleventh Amendment immunity was decided); *Harris v. Adams County Communications Ctr.*, No. 09-cv-01728-MSK-KMT, 2010 WL 882648 (D. Colo. March 8, 2010) (applying *Iqbal* to stay discovery until a motion to dismiss based on the Colorado Governmental Immunity Act was decided).

As explained by the Supreme Court, there are serious and legitimate reasons for this protection:

> If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of

efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government.

*Iqbal*, 129 S. Ct. at 1953.

Indeed, the Supreme Court has expressly stated that "[i]f the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Siegert v. Gilley*, 500 U.S. 226, 231 (1991) ("Once a defendant pleads a defense of qualified immunity … until this threshold immunity question is resolved, discovery should not be allowed.").

## ORDER

WHEREFORE, based upon these Findings of Facts and Conclusions of Law, this Court ORDERS:

1. Defendants the Arapahoe District Court, the Arapahoe County Clerk of Court, the State of Colorado, the Arapahoe District Court Does I-X, the Clerk of Court Does I-X, and the Entities I-X (to the extent they are Colorado State entities), collectively "State Defendants'," Motion for Protective Order and to Stay Discovery Pursuant to Fed.R.Civ.P. 26(c)(1) [Docket No. 13] is GRANTED;

2. All disclosures and discovery in this case are STAYED until Judge Martinez rules on the claims of immunity contained in the Motions to Dismiss [Docket Nos 11 and 12];

3. A Status Conference is set before Magistrate Judge Watanabe on February 23, 2012, at 9:30 a.m., in Courtroom A-502, Fifth Floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver CO 80294;

4. The Rule 16 Scheduling Conference set on December 13, 2011 at 9:00 a.m. is VACATED; and,

5. Each party shall pay their own attorney fees and costs.

SIGNED AND DATED THIS 17TH DAY OF NOVEMBER, 2011.

                            BY THE COURT

                            <u>s/Michael J. Watanabe</u>
                            MICHAEL J. WATANABE
                            U.S. MAGISTRATE JUDGE