IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLORADO

Civil Action No. 11-cv-02089 WJM-MJW

JOHN A. GESCHWENTNER,

    Plaintiff,

v.

CITY OF ENGLEWOOD,
ARAPAHOE COUNTY,
J. GRAYSON ROBINSON, Sheriff of Arapahoe County
OFFICER MCCANN,
OFFICER JONES,
POLICE OFFICER DOES I-X, who's true names are unknown,
ARAPAHOE COUNTY JAIL STAFF Does I-X, who's true names are unknown.
    Defendants.

## FIRST AMENDED COMPLAINT AND JURY DEMAND

Plaintiff, through his attorney, Elmer Stewart Rhodes, hereby submits the following Complaint and Jury Demand and states and avers as follows:

## I. PARTIES

1. Plaintiff, John A. Geschwentner ("John") is a citizen of Arapahoe County, Colorado who presently resides at 4455 S. Galapago St. Englewood CO, 80110.

2. Defendant City of Englewood, is a municipality organized under the laws of the State of Colorado and owns, operates, manages, directs and controls the Englewood Police Department, and establishing the policies, procedures, and regulations to govern the actions of the officers that participated in the wrongful arrest and incarceration of the Plaintiff.

1

3.  Defendant Arapahoe County is a County within the State of Colorado, which owns, operates, manages, directs and controls the Arapahoe County Sheriff Department and the Arapahoe County Jail and establishes the policies, procedures, and regulations to govern the actions of the officers and staff of the Sheriff Department and Arapahoe County Jail.

4.  Defendant J. Grayson Robinson at all relevant times was the Sheriff of Arapahoe County and was in command and control of the officers within the Arapahoe County Sheriff Department and of the staff of the Arapahoe County Jail at the time of the wrongful arrest and incarceration of Plaintiff. Defendant J. Grayson Robinson (Sheriff Robinson) is named herein in both his official and individual capacity. On August 11, 2010, Sheriff Robinson and the officers under his command, along with officers of the Englewood Police Department, executed the erroneous arrest warrant on Plaintiff, with Sheriff Robinson so certifying, in writing, on August 12, 2010, and incarcerated Plaintiff in the Arapahoe County Jail, despite the arresting officers and staff at the County Jail knowing that the Plaintiff was being wrongfully arrested and incarcerated.

5.  Defendant Officer McCann is, and at all relevant times was, a police officer with the Englewood Police Department, and acting under the color of law facilitated the wrongful arrest of the Plaintiff. Officer McCann is named herein in both his official and individual capacity. Upon information and belief, Officer McCann knew that the case against Plaintiff had been dismissed and nonetheless took no steps to prevent his arrest.

6.  Defendant Officer Jones is, and at all relevant times was, a police officer with the Englewood Police Department, and acting under the color of law facilitated the wrongful arrest of the Plaintiff. Officer Jones is named herein in both his official and individual

capacity. Upon information and belief, Officer Jones knew that the case against Plaintiff had been dismissed and nonetheless took no steps to prevent his arrest.

7. Defendants Police Officer Does I-X, who's true names are unknown, were, at all times relevant to the present matter, police officers with the Englewood Police Department. They are named herein in both their official and individual capacities, as such terms are used within the jurisprudence of the Civil Rights Act of 1871, 42 U.S.C. § 1983. At all times relevant to the present matter, Defendants Police Officer Does I-X were acting within the scope and course of their employment as police officers for the City of Englewood, pursuant to the policies and procedures of the City, and despite knowledge that the Plaintiff was wrongfully arrested, with one of them telling Plaintiff, "man, you shouldn't even be here, your case was dismissed," acting under color of law and pursuant to the policies of the city, arrested him and processed him into the Arapahoe County jail. Defendant Arapahoe County Jail Staff Does I-X were likewise employed by Arapahoe County and under its supervision, training, and regulation, and despite knowledge that the Plaintiff was wrongfully arrested, pursuant to the policies and procedures of Arapahoe County, wrongfully processed Plaintiff into the jail and incarcerated him.

## II. JURISDITION AND VENUE

8. This action arises under the Constitution of the United States, particularly the Fourth and Fourteenth Amendments, and under the laws of the United States, particularly the Civil Rights Act, 42 U.S.C. § 1983.

9. This Court has jurisdiction over John's federal civil rights claim pursuant to 28

U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 144.

10. The acts and omissions complained of occurred within Arapahoe County, State of Colorado. All defendants currently reside, or resided at relevant times, within the State of Colorado. Thus, venue is proper in the District of Colorado pursuant to U.S.C. § 1391(b).

### III. FACTUAL BACKGROUND

11. John's daughter had accused him of menacing her and John was charged with felony menacing. However, on August 2, 2010, Judge Weishaupl of the Arapahoe District Court granted a defense motion to dismiss and the case was closed.

12. On August 11, 2010, John was on his way home from work to have lunch. On the way there he noticed an unmarked police car following him. He was concerned but was sure there was no cause for the police to have any involvement with him as his criminal matter had been dismissed by the court some nine (9) days prior.

13. John went inside his home and ate his lunch. Afterwards, as he drove back to his workplace, he again noticed the unmarked police unit following close behind him. Again he became concerned. He came to an intersection that was closed off by numerous marked Englewood Police units. From every direction police officers surrounded him and brandished their firearms, ordering him out of the vehicle.

14. There were multiple officers aiming shotguns, pistols, and assault weapons at him. In a very aggressive and intimidating manner, screaming at him and pointing guns in his face, they forced him out of his car and arrested him.

15. Also present were officers from the Arapahoe County Sheriff Office.

16. John was transported to the Arapahoe County Jail by Englewood Police Officers. While being arrested, and during transport, he told the officers that his case had been dismissed. At the jail, while John was being processed, after conferring with other officers of both the Englewood Police Department and of the Arapahoe Sheriff Office and Arapahoe County jail staff, one of the arresting officers walked up to John and said, "man, you shouldn't even be here. Your case was dismissed." John responded "I know, that's what I've been trying to tell you." Nonetheless, despite that officer knowing, and confirming, and, upon information and belief, other officers present from both the Englewood PD and the Arapahoe Sheriff's Office and Arapahoe County Jail Staff knowing that John's case was dismissed and that he "shouldn't even be here," John was jailed until the following morning. Defendants City of Englewood and Arapahoe County retained command, control, training, policy and procedural regulation, and authority over the officers of each respective department during all of these events.

17. During that night in jail, John made multiple requests to contact his wife or attorney and those requests were refused. As a result his wife was distraught, not knowing what had happened to her husband who is always at home promptly after work. She frantically phoned relatives, friends, and multiple emergency rooms fearing the worst. When she called the Englewood Police Department, they denied knowing anything about his whereabouts. John, knowing his wife would be distraught, wanted to call her to allay her fears but repeated requests for a phone call were refused. After spending a sleepless night in the confines of a cold cell, bewildered as to why he had been arrested, John was finally brought before Honorable Judge Weishaupl who realized that John had been wrongfully arrested in a case that had already been dismissed, with the

5

Court's minute order *of* 08/12/2010 stating "The deft appears in custody with CNSL Nicholas Sarwark. This case was dismissed on 08/02/2010 but the warrant was never cancelled and the deft was arrested. The warrant should have been issued for witness Rachel Geschwenter."

18. Rachel Geschwenter had failed to appear for a hearing on July 23, 2010, with the Minute Order on that date stating *"*Witness Rachel Geschwentner fails to appear in this case court issues warrant- bond $10,000 c/s." But the warrant had erroneously been issued for John, who was at all times present for every hearing, rather than for Rachel Geschwenter, and that error was not corrected, resulting in a wrongful arrest on August 11, 2010, in a case which had already been dismissed and closed, and despite clear knowledge by the arresting officers that the warrant was invalid and the case had been dismissed, John was incarcerated and deprived of his liberty overnight.

19. As a direct and proximate cause of the Defendants' actions and omissions, including the failure of Defendant City of Englewood and Arapahoe County to properly train and supervise the officers under their command and control, and failure to institute adequate policies and procedures to prevent incarceration on a known erroneous warrant in a known dismissed case, John was wrongfully arrested in a very dangerous, psychologically traumatizing, and humiliating manner, and was wrongfully incarcerated and deprived of his liberty, while unable to console his distraught wife who assumed the worst when her husband went missing.

20. John has also incurred lasting emotional distress, psychological damages, and humiliation. To this day he suffers from psychological trauma, anxiety, and intense fear

whenever police are near him, and especially when a police car is behind him, as well as harm to his reputation and business by being arrested in such a dramatic "felony stop" fashion, as though he were a dangerous felony fugitive, in front of many witnesses in his small community.

# IV. FIRST CAUSE OF ACTION
# RGHT TO BE FREE FROM FALSE SEIZURE, FALSE ARREST, AND FALSE IMPRISONMENT
## (As Against All Defendants)

21. The foregoing paragraphs are incorporated herein.

22. The conduct and omissions of Defendants City of Englewood, Defendant Arapahoe County, and Sheriff Robinson to properly train, supervise, and establish clear policies to prevent arrest and incarceration pursuant to a known erroneous warrant, in a case the officers know (or learn during jail processing) has been dismissed, and the conduct and knowing omissions of the Police Officers Does, I-X and Arapahoe County Jail Staff Does I-X, by incarcerating a man who they know to have been arrested in a case that had been dismissed, pursuant to an erroneous warrant, and, upon information and belief the constituted a violation of Plaintiff John Geschwentner's rights under the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from wrongful arrest, wrongful seizure, and wrongful imprisonment.

23. The high profile, dynamic, and very dangerous "felony stop" arrest of John placed him at great risk of grievous bodily injury or death, as he was in imminent danger of being shot if he had inadvertently made one wrong move, or if one of the officers had

7

made a mistake of judgment or of gun-handling during a very tense arrest.

24. The arresting officers failed in their duty to ascertain the legitimacy of the warrant, resulting in the wrongful arrest, wrongful seizure, and wrongful imprisonment and deprivation of John's liberty.  And even after discovering, during processing at the Arapahoe County Jail, that the warrant was in fact invalid, and that John's case had indeed been dismissed, the officers of both the Englewood Police Department and the Arapahoe County Sheriff Department, and the Jail Staff, still processed John into the jail and incarcerated him overnight.

25. In addition, and based upon information and belief, Defendant Officer McCann and Defendant Officer Jones, and potentially more of the arresting officers, knew, even prior to the felony arrest, that the warrant was invalid, and knew that it had been issued for the wrong person, and knew that it had been issued in a case that had been dismissed and closed, but nonetheless carried out the arrest and imprisonment of John out of animus toward him, which animus Officers McCann and Jones had openly displayed in court.

26. Each of the foregoing Defendants was an integral participant in the unconstitutional conduct as alleged herein, and/or acted in concert with each other to violate John's constitutional rights, by either failing to properly train, supervise, and establish effective procedures to prevent arrest and incarceration from a known defective and erroneous warrant in a case that has been dismissed, or by knowingly arresting and incarcerating Plaintiff pursuant to such an erroneous warrant.

## V. SECOND CAUSE OF ACTION

**FAILURE TO TRAIN, ENACT AND IMPLEMENT POLICIES, AND**

**SUPERVISE (Defendants City of Englewood and Arapahoe County)**

27. The failure of Defendants City of Englewood and Arapahoe County failure to properly train officers in avoiding wrongful arrest and incarceration when they know a warrant is invalid, in a case that has been dismissed, and failure to provide clear policies, procedures, and rules for preventing such wrongful arrest, and failure to supervise their respective officers, resulted in the wrongful arrest of Plaintiff in violation of his Fourth and Fourteenth Amendment rights.

28. Plaintiff's damages were the direct and proximate result of the Defendant City of Englewood and Defendant Arapahoe County failure to provide training and supervision to the officers under their respective control.

29. The need for such training and supervision to avoid wrongful arrest in a dismissed case, pursuant to an invalid warrant, should have been obvious to Defendants City of Englewood and to Arapahoe County.

30. Defendants' actions and omissions, as more fully described previously in this Complaint, constitute violations of the rights, privileges and immunities guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, including the right to bodily integrity and to be free from wrongful seizure, wrongful arrest, and wrongful imprisonment. As a result, Plaintiff sustained damages, including but not limited to loss of his liberty, severe emotional distress, fear for his life, mental anguish, and lasting anxiety and fear of police officers, as well as humiliation and harm to his reputation in the community, economic losses, and loss of enjoyment of life.

**V. PRAYER FOR RELIEF**

Plaintiff John Geschwentner prays for judgment against Defendants and each of them as follows:

A. For special damages;

B. For general and compensatory damages, including economic losses, emotional distress, psychological trauma, anxiety, humiliation, and loss of enjoyment of life;

C. For exemplary damages to the extent permitted by law;

D. For attorney's fees and expenses pursuant to 42 U.S.C. § 1988;

E. For pre and post-judgment interest to the extent permitted by law;

F. For taxable costs as may be allowed; and

G. For such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues in this matter triable to a jury.

DATED this 8th day of December, 2011.

By: /s/ Elmer Stewart Rhodes

**Elmer Stewart Rhodes**
432 E. Idaho Street
Kalispell, MT 59901
Telephone: (702) 353-0627
FAX: (406) 755-8335
E-mail: stewart.rhodes@aya.yale.edu
Attorney for Plaintiff