IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:11-cv-02089-WJM-MJW

_____

JOHN A. GESCHWENTNER,

    Plaintiff,

v.

CITY OF ENGLEWOOD,
ENGLEWOOD POLICE DEPARTMENT,
ARAPAHOE DISTRICT COURT,
CLERK OF COURT, ARAPAHOE COUNTY,
STATE OF COLORADO,
POLICE OFFICER DOES I-X, who's true names are unknown,
ARAPAHOE DISTRICT COURT DOES I-X, who's true names are unknown,
CLERK OF COURT DOES I-X, who's true names are unknown,
UNKNOWN ENTITIES I-X, who's true names are unknown.
    Defendants.

## RESPONSE TO ORDER TO SHOW CAUSE WHY DEFENDANTS' MOTION TO DISMISS SHOULD NOT BE DEEMED CONFESSED

COMES NOW Plaintiff, John A. Geschwentner, through his attorney, Elmer Stewart Rhodes, and responds to this Court's Order to Show Cause Why Defendants' Motion to Dismiss Should not Be Deemed Confessed.

The Court had granted an extension of time to and including December 8, 2011, after Plaintiff requested that extension so Plaintiff could file an amended complaint, which could possibly make the Motions to Dismiss moot. Plaintiff did file an Amended Complaint on December 8,

1

2011, however, Plaintiff's counsel neglected to ask leave of the court to file that amended complaint. The Magistrate judge subsequently struck the Amended Complaint for failure to comply with Fed. R. Civ. P. 15(a).

Plaintiff's counsel apologizes to the Court for that error of failing to request leave of the Court to file an amended complaint. Counsel is new to federal practice and mistakenly thought he was in compliance with Fed. R. Civ. P. 15(a) when filing that amended complaint. To correct that error, Plaintiff's counsel has filed a motion requesting leave to amend, and an amended complaint, contemporaneous with a motion for extension of time to respond, up to and including today, February 3, 2012 or to such date as deemed proper by the Court.

That motion for extension of time sets forth the excusable neglect which caused both the error of not requesting leave to file an amended complaint, and the delay in requesting an extension of time. As noted in the Motion for an Extension of Time, Plaintiff's Counsel has been under a heavy work load and also dealing with serious family tragedy as a close relative (his Mother-in-Law) and a close friend (who is like a God-Mother to his family) are in the terminal stages of leukemia and breast cancer,

2

respectively. Plaintiff's Counsel lost his Mother to breast cancer just over a year ago, and a close cousin to lung cancer a few months before that, and to now watch two other loved ones go through the same ordeal has been very difficult for him and his family. Counsel, his wife and children, have been and are still in Las Vegas visiting and tending to these two loved ones. Counsel will return to Montana this next week. Counsel's family responsibilities and grief have seriously affected his legal practice over the past several months.

Counsel sincerely hopes that the Court will find his neglect to be excusable and will, in the interest of justice for his client, grant both the motion for an extension of time and the motion for leave to file an amended complaint so that Counsel's mistake will not harm his client's case. Mr. Geschwenter was clearly wrongfully arrested, being arrested pursuant to a warrant in a dismissed case and with that warrant having been intended for a different person but mistakenly issued against Mr. Geschwenter, as Colorado State Court Judge Welshauple noted from the bench. Plaintiff's Counsel humbly requests that his mistake and neglect be found excusable in the interest of justice for his client.

Provided the Court grants both the motion to extend time and the motion to file an amended complaint, and accepts that amended complaint, the motions to dismiss by the Defendants will either be made moot, or will be answered by that amended complaint.

WHEREFORE the Plaintiff, through his legal counsel, humbly prays, provided Plaintiff's motions for extension of time and for leave to amend the Complaint are granted, and the Amended Complaint is accepted and entered into the record, that this Court find that the Plaintiff has opposed the Defendants' motions to dismiss and thus deems the Plaintiff's answer to the Court's Order to Show Cause sufficient to not deem the Motions to Dismiss (ECF Nos. 11&12) confessed and to allow this case to proceed.

DATED this 3rd day of February, 2012.

By: /s/ Elmer Stewart Rhodes
**Elmer Stewart Rhodes**
432 E. Idaho Street
Kalispell, MT 59901
Telephone: (702) 353-0627
FAX: (406) 755-8335
E-mail: stewart.rhodes@aya.yale.edu
Attorney for Plaintiff