IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 11-cv-02089-WJM-MJW

JOHN A. GESCHWENTNER,

    Plaintiff,

v.

CITY OF ENGLEWOOD,
ENGLEWOOD POLICE DEPARTMENT,
ARAPAHOE DISTRICT COURT,
CLERK OF COURT, ARAPAHOE COUNTY,
STATE OF COLORADO, Police Officer Does 1-X, who's true names are unknown; Arapahoe District Court Does I-X, who's true names are unknown; Clerk of Court Does I-X, who's true names are unknown' Unknown Entities I-X, who's true names are unknown;

    Defendants.

---

**ORDER DISCHARGING ORDER TO SHOW CAUSE, GRANTING MOTION TO AMEND, DENYING AS MOOT MOTIONS TO DISMISS AND MOTION FOR EXTENSION OF TIME**

---

    On August 10, 2011, Plaintiff John A. Geschwenter initiated this action by filing a Complaint against the above-listed Defendants alleging wrongful arrest in violation of 42 U.S.C. § 1983. (ECF No. 1.) Defendants City of Englewood and the Englewood Police Department ("Englewood Defendants") filed a Motion to Dismiss on November 7, 2011. (ECF No. 11.) Defendants Arapahoe District Court, Arapahoe County Clerk of Court, and the State of Colorado filed a Motion to Dismiss on November 10, 2011. (ECF No. 12.) Per local rule, Plaintiff's opposition to these motions was due twenty-one days after the motion was filed. D.C.COLO.LCivR 7.1C. Plaintiff sought several extensions,

which were granted by the Magistrate Judge. As a result, Plaintiff's opposition to both Motions to Dismiss was due December 8, 2011. (ECF Nos. 21 & 25.) Plaintiff did not file a timely opposition.

On January 23, 2012, the Court ordered Plaintiff to show cause as to why the Motions to Dismiss should not be deemed confessed and his case dismissed. (ECF No. 28.) On February 3, 2012, Plaintiff filed a timely response to the Order to Show Cause. (ECF No. 32.) Plaintiff's counsel stated that he has had a number of personal issues that have taken a significant amount of his time. He also stated that his unfamiliarity with federal practice led him to misunderstand some procedural matters. (*Id.*)

Given these circumstances, the Court finds that the interests of justice are best served by finding that the Motion to Dismiss is not confessed. Accordingly, the Court's January 23, 2012 Order to Show Cause is DISCHARGED. However, Plaintiff's counsel is cautioned that, should these issues continue to interfere with his ability to meet the Court's deadlines, he should consider finding substitute counsel.

On February 3, 2012, Plaintiff also filed a Motion to Amend his Complaint and a Motion for Extension of Time to file his opposition to the Motions to Dismiss. (ECF Nos. 29 & 30.) Turning first to the Motion to Amend, the Court finds that the Motion sets forth good cause for amending the complaint and Plaintiff's Motion to Amend is therefore GRANTED. The Clerk shall accept Plaintiff's Proposed Amended Complaint (ECF No. 31) as filed.

Plaintiff's Motion to Amend contends that the Amended Complaint will moot the pending Motions to Dismiss. (ECF No. 30 at 2-3.) The Court agrees. *See Howeth v. Aramark Corp.*, 2011 WL 1428087, *2 (D. Utah April 13, 2011). Accordingly, Defendants' Motions to Dismiss (ECF Nos. 11 & 12) are DENIED as MOOT.

Finally, because the Court has denied Defendants' Motions to Dismiss, Plaintiff's Motion for Extension of Time to file an opposition to the Motions to Dismiss (ECF No. 29) is also DENIED as MOOT.

For the reasons set forth above, the Court ORDERS the following:

1. The Court's January 23, 2012 Order to Show Cause (ECF No. 28) is DISCHARGED;

2. Plaintiff's Motion to Amend (ECF NO. 30) is GRANTED;

3. The Clerk shall ACCEPT Plaintiff's Proposed Amended Complaint (ECF No. 31) as filed and it shall be the operative pleading in this case;

4. Defendants' Motions to Dismiss (ECF Nos. 11 & 12) are DENIED AS MOOT; and

5. Plaintiff's Motion for Extension of Time to respond to Defendants' Motions to Dismiss (ECF No. 29) is DENIED AS MOOT.

Dated this 6th day of February, 2012.

BY THE COURT:

William J. Martínez
United States District Judge